IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ADAM PEGUES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 3:16 CV 239 SMY/RJD |
| | ) |
| JOHN COE, et al., | ) |
| | ) |
| Defendants. | ) |

**ORDER**

**DALY, Magistrate Judge:**

Before the Court is Plaintiff's Motion for Leave to Amend the Complaint in which Plaintiff seeks to reinstate his claims of medical negligence against Defendants John Coe and Tammy Kimmel. (Doc. 36). Plaintiff's Motion for a Status Report (Doc. 55) is also before the Court. Plaintiff seeks a status update on the Motion for Leave to Amend and his Objection to the Report and Recommendation on his Motion for a Preliminary Injunction (Doc. 50). This Order resolves the Motion for Leave to Amend, but the Report and Recommendation and Plaintiff's Objection remain under the consideration of the Court.

Plaintiff Adam Pegues filed this lawsuit *pro se* on March 7, 2016. (Doc. 1). Plaintiff asserts in his complaint that he was subjected to deliberate indifference and gross negligence with regard to his medical condition and that he did not receive reasonable accommodations as required under the Americans with Disabilities Act. (*Id.*) On May 31, 2016, the Court screened the complaint pursuant to 28 U.S.C. § 1915A. (Doc. 10). The Court reviewed Plaintiff's claim of gross negligence, observing that Plaintiff failed to state the factual basis of the claim, and ordered that, if Plaintiff intended to assert a medical negligence claim, he was required to file an affidavit, certificate of merit, and written report in accordance with Illinois law. (*Id.* at 20-21).

Specifically, for medical malpractice claims, Illinois law requires plaintiffs to file an affidavit along with the complaint, declaring one of the following: 1) that the affiant has consulted and reviewed the facts of the case with a qualified health professional who has reviewed the claim and made a written report that the claim is reasonable and meritorious (and the written report must be attached to the affidavit); 2) that the affiant was unable to obtain such a consultation before the expiration of the statute of limitations, and affiant has not previously voluntarily dismissed an action based on the same claim (and in this case, an affidavit certifying the claim and written report shall be filed within 90 days after the filing of the complaint); or 3) that the plaintiff has made a request for records but the respondent has not complied within 60 days of receipt of the request (and in this case the written report shall be filed within 90 days of receipt of the records). 735 Ill. Comp. Stat. § 5/2-622. The Court dismissed the claim and ordered Plaintiff to file an affidavit by July 6, 2016, and a written report and certificate of merit in a timely manner, or the dismissal would become a dismissal with prejudice. (Doc. 10 at 20-21.)

On July 6, 2016, Plaintiff filed the instant motion to reinstate the claim of medical malpractice against Defendants John Coe and Tammy Kimmel. Plaintiff attached a sworn affidavit, stating that he was unable to obtain a consultation with a medical provider prior to the expiration of the statute of limitations and requested an additional ninety days to submit the required written report. However, as of the date of this Order, Plaintiff has submitted neither a certificate of merit nor a written report. Because Plaintiff did not file a written report and certificate of merit in a timely manner as previously ordered, the dismissal of his medical malpractice claim is now a dismissal with prejudice.

Federal Rule of Civil Procedure 15(a) states, "a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given

when justice so requires." Leave may be denied if the amended complaint would be futile. *Airborne Beepers & Video, Inc. v. AT&T Mobility LLC*, 499 F.3d 663, 666 (7th Cir. 2007). Failure to file the required certificate or merit and written report is grounds for dismissal of the claim. *See* 735 Ill. Comp. Stat. § 5/2-622; *Sherrod v. Lingle*, 223 F.3d 605, 613 (7th Cir. 2000). Plaintiff has failed to file the required certificate of merit and written report. Therefore, amending the complaint to reinstate the medical malpractice claim would be futile.

Moreover, the amendment does not include any of the remaining counts and omits many fact allegations from the original complaint. Instead, it represents an attempt to add another claim to his case in a piecemeal fashion. This is not permitted. A proper amended complaint must contain all the allegations to support a plaintiff's claims, in a single document – both the claims brought in the original case (with any modifications), as well as any new material. *See* Fed. R. Civ. P. 8(a). Further, an amended complaint supersedes and replaces the original complaint, rendering the original complaint void. *See Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 638 n.1 (7th Cir. 2004). If Plaintiff's proposed amended pleading were to be filed, the original complaint would be a nullity. The Court suspects that this was not Plaintiff's intent.

Based on the foregoing, Plaintiff's Motion for Leave to Amend the Complaint (Doc. 36) is DENIED, and Plaintiff's Motion for a Status Report (Doc. 55) is GRANTED.

**IT IS SO ORDERED.**

**DATED:  October  12, 2016.**

*s/      Reona J. Daly*
**UNITED STATES MAGISTRATE JUDGE**