IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ADAM PEGUES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 16-CV-239-SMY-RJD |
| | ) |
| JOHN COE, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on Magistrate Judge Frazier's Report and Recommendation ("Report" Doc. 48) recommending that Plaintiff's motions for preliminary injunctive relief (Docs. 32, 35, 37) be denied. Plaintiff filed an objection to the Report (Doc. 50). For the following reasons, the Report is **ADOPTED** in its entirety.

Plaintiff is an inmate with the Illinois Department of Corrections ("IDOC") and is housed at Lawrence Correctional Center ("Lawrence"). Upon threshold review, the Court found Plaintiff's Eighth Amendment deliberate indifference to serious medical needs claims and claim that his rights under the Americans with Disabilities Act ("ADA") and Rehabilitation Act ("RA") are being violated, to be colorable. The Court adopts the portion of the Report that sets forth the background of this case (Doc. 48 p. 1-4) and will not repeat an overview here.

A court may accept, reject or modify, in whole or in part, the findings or recommendations of the magistrate judge in a report and recommendation. Fed. R. Civ. P. 72(b)(3). The Court must review *de novo* the portions of the report to which objections are made. Plaintiff has objected to the report in its entirety, asserting that he suffers from serious health conditions and that he continues to be denied proper treatment (Doc. 50 p. 3).

To succeed on a motion for preliminary injunction, Plaintiff must show "that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor and that an injunction is in the public interest." *D.U. v. Rhoades*, 825 F.3d 331, 333 (7th Cir. 2016). Judge Frazier's Report correctly points out the Prison Litigation Reform Act requires that preliminary injunctive relief with respect to prison conditions be narrowly drawn, extend no further than necessary to correct the harm and be the least intrusive means necessary. 18 U.S.C. § 3626(a)(2).

The Court has reviewed the arguments, evidence and Judge Frazier's analysis and finds that the Report correctly recommends that the preliminary injunction be denied as Plaintiff is not likely to succeed on the merits of his claim. The evidence, namely Plaintiff's medical records, shows that he has received persistent and attentive medical care including a wide array of tests, exams and physical therapy from January 2014 to May 2016 (Doc. 47-1 p. 1; Doc. 47-4 p. 23). The medical staff at Lawrence ultimately concluded that Plaintiff was malingering and/or exaggerating his symptoms (Doc. 47-4 p. 23). Plaintiff's objection does not address the substance of the Report, but rather reiterates the conditions and symptoms which he contends he suffers. Plaintiff then states in conclusory fashion that Defendants have violated his rights under the ADA and RA. These statements alone fail to meet the burden of establishing irreparable harm and a likelihood of success on the merits.

For the foregoing reasons, Magistrate Judge Frazier's Report and Recommendation (Doc. 48) is adopted in its entirety. Plaintiff's Motions for Preliminary Injunction (Docs. 32, 35, 37) are **DENIED**.

**IT IS SO ORDERED.**

**DATED:  December 16, 2016**

<u>**s/ Staci M. Yandle**</u><br>
**STACI M. YANDLE**<br>
**United States District Judge**