# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| ADAM PEGUES, | ) | |
| Plaintiff, | ) ) ) | |
| vs. | ) ) | Case No. 3:16 CV 239 SMY/RJD |
| JOHN COE, et al., | ) ) ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

**DALY, Magistrate Judge:**

Before the Court is Plaintiff's Motion to Compel Discovery Responses and Motion to Compel Deposition Testimony. (Docs. 112, 115.) Plaintiff Adam Pegues is an inmate in the custody of the Illinois Department of Corrections at Lawrence Correctional Center. On March 7, 2016, Plaintiff commenced this action pursuant to 42 U.S.C. § 1983, alleging violations of his constitutional rights. (Doc. 1.) On May 31, 2016, the Court screened the complaint, and Plaintiff now proceeds against Defendants on the following claims:

> **Count 1:** Eighth Amendment deliberate indifference claim against Defendant Duncan for ignoring Plaintiff's request for help in obtaining medical care;
>
> **Count 2:** Eighth Amendment deliberate indifference claim against Defendants Coe, Martin, and Kimmel for denying or delaying medical care to Plaintiff;
>
> **Count 3:** Eighth Amendment deliberate indifference claim against Wexford Health Sources for maintaining policies that resulted in the denial and/or delay of medical care to Plaintiff;
>
> **Count 5:** Claims under the ADA and Rehabilitation Act for denial of accommodations such as a wheelchair attendant, showers, and access to gym and physical therapy.

(Doc. 10.)

On October 17, 2017, Plaintiff moved to compel discovery responses to his request for documents regarding the effect of cost considerations on the determinations of whether to approve medical referrals. (Doc. 112.) On October 23, 2017, Plaintiff moved to compel deposition testimony regarding Dr. Fisher's compensation, which he seeks for the purpose of determining whether and to what extent Dr. Fisher considered the cost of referring Plaintiff to an outside provider when he declined to approve it.[1] (Doc. 115.) On October 26, 2017, the Court held a discovery dispute conference, and the parties presented arguments on the discovery motions. (Doc. 117.)

Under the Federal Rules of Civil Procedure, "parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(1). "Information within this scope of discovery need not be admissible in evidence to be discoverable." *Id.* "Rule 26 vests this Court with broad discretion in determining the scope of discovery, which the Court exercises mindful that the standard for discovery under Rule 26(b)(1) is widely recognized as one that is necessarily broad in its scope in order to allow the parties essentially equal access to the operative facts." *Scott v. Edinburg*, 101 F. Supp. 2d 1017, 1021 (N.D. Ill. 2000). The Seventh Circuit has recognized a trial court's "broad discretion over discovery matters." *Spiegla v. Hull*, 371 F.3d 928, 944 (7th Cir. 2004).

Plaintiff's Motion to Compel Discovery Responses relates to Plaintiff's Request for Production No. 21, which states as follows:

> Please produce true and complete copies of all documents, including but not limited to board minutes, memoranda, emails, or letters, regarding the effect on Wexford's profitability of the approval or disapproval of medical referrals for

---

[1] The parties disagree on whether Dr. Fisher denied the referral request or merely deferred it pending additional information. The dispute is not relevant for purposes of this discovery dispute.

> patients incarcerated at Lawrence Correctional Center, or within a correction institution generally.

With this request, Plaintiff specifically seeks statistics regarding decisions on referral requests as well as formal memoranda, policies, and directives. Defendants respond that the requested information is irrelevant and further object that the request is not limited in time and seeks privileged documents. The Court finds that Plaintiff seeks relevant information. The central question in most medical deliberate indifference cases is whether defendants deliberately disregarded a plaintiff's serious medical needs, and a plaintiff may show such deliberate indifference with evidence that defendants considered costs to the exclusion of medical judgment. *See Rasho v. Elyea*, 856 F.3d 469, 476 (7th Cir. 2017). However, the Court agrees with Defendant's objections on the basis of scope and privilege. Accordingly, the Court orders Defendants to produce any responsive, non-privileged formal memoranda, policies, and directives that were in effect from 2014 to the present date and the statistics related to referrals from Lawrence Correctional Center from 2014 to the present date.

With respect to Plaintiff's Motion to Compel Deposition Testimony, Plaintiff indicated that written responses – in lieu of a second deposition – would suffice. Defendants object primarily on the basis of privacy concerns. However, Defendants conceded that Dr. Fisher's compensation may be relevant if it was dependent on referrals or Wexford's profitability but that the structure of the compensation would be more relevant than the amount. Plaintiff maintains that the amount of Dr. Fisher's compensation is relevant for purposes of credibility. As Defendants noted, Dr. Fisher is distinguishable from an expert witness in that there is no indication that Defendants retained and paid Dr. Fisher for the sole purpose of his testimony. At this time, the Court finds that Dr. Fisher's privacy concerns outweigh Plaintiff's credibility concerns and denies Plaintiff's Motion to Compel to the extent Plaintiff seeks specific amounts.

The parties also discussed how to phrase the specific questions to be directed to Dr. Fisher regarding the structure of his compensation. Consistent with those discussions, the Court orders Dr. Fisher to submit verified responses to the following questions:

(1) How, if at all, does Dr. Fisher's compensation, including salary, bonuses, and ownership interests, relate to Wexford's profitability?

(2) How, if at all, does Dr. Fisher's compensation, including salary, bonuses, and ownership interests, relate to his participation in collegial reviews and to approvals or denials of referrals for outside consultations?

Based on the foregoing, it is hereby ORDERED that Plaintiff's Motions to Compel (Docs. 112, 115) are GRANTED in part and DENIED in part. Defendants shall provide discovery responses consistent with this Order by November 21, 2017.

**SO ORDERED.**

**DATED: October 31, 2017**     *s/      Reona J. Daly*
                                 UNITED STATES MAGISTRATE JUDGE