IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| ADAM PEGUES, | ) |
| --- | --- |
| Plaintiff, | ) |
| vs. | ) Case No. 16-CV-239-SMY-RJD |
| JOHN COE, et al., | ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

This matter is before the Court on Magistrate Judge Reona Daly's Report and Recommendation ("Report") (Doc. 104), recommending that Plaintiff's Motion for Preliminary Injunction (Doc. 81) be denied. Plaintiff filed an objection to the Report. (Doc. 108). For the following reasons, the Court **ADOPTS** the Report and the Motion for Preliminary Injunction is **DENIED**.

**Procedural and Factual Background**

Plaintiff Adam Pegues is an inmate with the Illinois Department of Corrections ("IDOC") and is housed at Lawrence Correctional Center ("Lawrence"). Upon threshold review, the Court found Plaintiff's Eighth Amendment deliberate indifference to serious medical needs claims and claim that his rights under the Americans with Disabilities Act ("ADA") and Rehabilitation Act ("RA") are being violated, to be colorable.

Plaintiff previously filed three motions for preliminary injunction in July 2016, requesting a wheelchair, physical therapy and medical consultations by outside providers. (Docs. 32, 35 and 37). After an evidentiary hearing, the Court determined that Plaintiff was unlikely to succeed on the merits of his claim and, as a result, denied the motions. (Doc. 62).

Plaintiff filed a subsequent Motion for Preliminary Injunction, seeking consultations with a neurologist and a gastroenterologist. (Doc. 81). Defendants objected to the motion as duplicative of the relief that Plaintiff had previously been denied. An evidentiary hearing was held on August 3, 2017. (Doc 99).

A court may accept, reject or modify, in whole or in part, the findings or recommendations of the magistrate judge in a report and recommendation. Fed. R. Civ. P. 72(b)(3). The Court reviews *de novo* the portions of the report to which objections are made. Here, Plaintiff objects to Judge Daly's findings that he is unlikely to succeed on the merits and that he failed to establish irreparable harm. As Plaintiff does not object to the Report's factual findings or background, the Court incorporates herein those portions of the Report. (Doc. 104 at p. 1-4).

## Discussion

In order to succeed on a motion for preliminary injunction, a plaintiff must show "that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor and that an injunction is in the public interest." *D.U. v. Rhoades*, 825 F.3d 331, 333 (7th Cir. 2016).

To establish a claim for deliberate indifference to a medical condition, an inmate must establish both an objective and a subjective component. *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005). The objective component requires proof that the prisoner's medical condition is "objectively, sufficiently serious." *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). A "serious medical condition" is one either diagnosed by a physician as mandating treatment or that is so obvious that even a lay person would perceive the need for a doctor's attention. *Greeno*, 414 F.3d at 653, *citing Foelker v. Outagamie County*, 394 F.3d 510, 512–13 (7th Cir. 2005). The subjective component requires evidence that prison officials acted with a "sufficiently culpable

state of mind." *Wilson v. Seiter*, 501 U.S. 294, 297(1991).  In other words, the officials must have known of and disregarded an excessive risk to the inmate's health.  *Farmer*, 511 U.S. at 837.  There is no claim for "deliberate indifference" if an official reasonably responds to a risk, even if harm was not prevented or remedied.  *Id.* at 843.  "To infer deliberate indifference on the basis of a physician's treatment decision, the decision must be so far afield of accepted professional standards as to raise the inference that it was not actually based on a medical judgment."  *Norfleet v. Webster*, 439 F.3d 392, 396 (7th Cir. 2006).

The Court has reviewed the arguments, Judge Daly's analysis and Plaintiff's objection and finds that the Report correctly recommends that the preliminary injunction be denied.  There is significant reason to doubt whether a serious medical condition exists, and therefore Plaintiff is not reasonably likely to prove that he satisfies the objective element of the deliberate indifference standard.  First, there is no indication that Plaintiff was diagnosed with a serious medical condition by a physician.  Plaintiff has received significant medical attention during the period covered by this second motion, including repeated lab testing, x-rays and physical examination.  The testing and examinations were largely inconsistent with Plaintiff's reported gastrointestinal and neurological symptoms.  What the medical staff did find in terms of blood in Plaintiff's urine was attributable to dehydration, and Plaintiff was told that he needed to drink more water to remedy the situation.  Plaintiff suggests that the lack of a diagnosis of a serious medical condition is itself the result of the prison officials' indifference, and he claims that his prison medical records consistently support his subjective complaints.  (Doc. 108 at 3-4).  They do not.

Nor does Plaintiff show a reasonable likelihood of establishing a condition that even a lay person would perceive the need for a doctor's attention.  In his supporting memorandum, Plaintiff asserts that he "has suffered consistent and ongoing symptoms including debilitating

pain in his stomach, abdomen, back, and spine, weakness, impairment, and dysfunction….[and] was ultimately forced to crawl on the floor of his cell because of the mobility issues caused by his pain. This constitutes a serious and obvious medical need, recognizable even to a layperson." (Doc. 81-1 at 7). Plaintiff's argument assumes that his complaints must be accepted at face value. However, courts are "permitted to assess – and reject – the credibility of witness testimony presented at the preliminary injunction hearing." *Affordable Recovery Hous. v. City of Blue Island*, No. 12-CV-4241, 2013 WL 309171, at *2 (N.D. Ill. Jan. 25, 2013) *citing Russian Media Group, LLC v. Cable Am., Inc.*, 598 F.3d 302, 305 (7th Cir. 2010) and *PepsiCo, Inc. v. Redmond*, 54 F.3d 1262, 1271 (7th Cir. 1995). Indeed, the primary justification for an evidentiary hearing on motions for preliminary injunction is so that a court can decide credibility issues. *Medeco Sec. Locks, Inc. v. Swiderek*, 680 F.2d 37, 38 (7th Cir. 1981). Thus, it is proper to consider the probability of Plaintiff being believed in ruling on whether he has a reasonable likelihood of success on his claims.

Here, Judge Daly notes (as the Court found in ruling on the previous motions for preliminary injunction) that there is significant evidence of malingering by Plaintiff in his medical records. While the fictional layperson in this situation may lack medical expertise, the Court will not assume that he or she is totally naïve. The evidence of malingering makes it less probable that a fact-finder will believe that Plaintiff actually suffered from a medical condition that layperson would recognize as serious. Since the standard for a preliminary injunction is whether there is a reasonable probability that the movant will ultimately succeed in their claim, the movant's credibility (or lack thereof) is properly considered in making that determination.

Similarly, the malingering and lack of objective findings to support Plaintiff's claimed symptoms suggest that Plaintiff will not suffer irreparable harm if the preliminary injunction is denied. Plaintiff cites his continuing pain and suffering as the harm he will suffer if not granted

injunctive relief. (Docs. 81-1 at 10 and 108 at 4-5). The question is not whether the type of suffering qualifies as irreparable harm in the abstract, but rather whether suffering is actually occurring. In this case, the record supports the conclusion that Plaintiff's claims as to his pain and suffering are at least significantly exaggerated. As such, Plaintiff has not established that he will suffer irreparable harm in the absence of injunctive relief.

Plaintiff does not challenge Judge Daly's finding that there is evidence of malingering. Instead, he argues that "a factual question about the extent of Plaintiff's suffering does not, for purposes of a preliminary injunction, negate the fact that the elements of a preliminary injunction have been satisfied." (Doc. 108 at 4). This is an incorrect statement of the law. The elements include reasonable likelihood of success and irreparable harm, and doubts about the existence and severity of his symptoms are directly relevant to both.

Plaintiff also takes issue with the Report's distinction between this case and *Berry v. Peterman*, 604 F.3d 435 (7th Cir. 2010) and *Foster v. Ghosh*, 4 F. Supp. 3d 974 (N.D. Ill. 2013). In *Foster*, the district court granted a preliminary injunction for a prisoner with cataracts to be examined and treated by an outside ophthalmologist. The existence of a serious medical condition was not disputed. 4 F. Supp. 3d at 979. *Berry* involved review of a grant of summary judgment in favor of jail personnel. There, the district court found that a prisoner had an objectively serious medical condition (tooth decay and pain from a "clearly necrotic" tooth-pulp), but that none of the defendants had been deliberately indifferent. 604 F.3d at 439. The Seventh Circuit agreed with the district court's conclusion as to the existence of a serious medical condition, but reversed and remanded on the issue of whether there was a genuine issue of material fact as to the subjective element for some of the defendants. *Id.* at 440-443. The existence of a serious medical condition was disputed, but was analyzed under the standard for resisting summary judgment rather than establishing entitlement to affirmative relief in the form

of a preliminary injunction. 604 F.3d at n.1. Additionally, there was significant objective medical evidence (notably from a dentist at the prison to which he was transferred) to support the subjective complaint of pain and suffering. *Id.* at 440. Both of these cases present significantly different situations than Plaintiff's.[1]

## Conclusion

For the foregoing reasons, Magistrate Judge Daly's Report and Recommendation (Doc. 104) is adopted. Plaintiff's Motion for Preliminary Injunction (Doc. 81) is **DENIED**.

**IT IS SO ORDERED.**

**DATED: January 2, 2018**

**s/ Staci M. Yandle**
**STACI M. YANDLE**
**United States District Judge**

---

[1] The Report erroneously states that the existence of a serious medical condition was undisputed in *Berry*. The cases are still properly distinguishable on the grounds discussed here. The Court therefore sets aside that portion of the Report, but finds that it does not disturb the correctness of its conclusion.